Sutlu'R, J.
Did the district court err in not sustaining the assignment of errors alleged as a cause for reversing the judgment of the court of common pleas.
It is urged that the petition itself does not warrant the judgment rendered by the court of common pleas.
*396 The sufficiency of the matters stated in the petition were not called in question in that court by demurrer; nor was the court, by motion, asked to require it reformed or improved in its structure. The assignment of its insufficiency, after judgment, can only, therefore, be sustained upon the ground that the facts contained in the petition, even if well stated, constitute no cause of action. It is true that the petition of the plaintiffs below does not state the agreement between themselves and the other heirs explicitly, in relation to the payment of their respective shares of the money by them so expended in procuring the title ; but the petition avers that the sum of $5.54 was justly due to the plaintiffs in respect of each of the several shares so owned by the heirs respectively. The petition speaks of this sum as a lien upon each of the shares in favor of the plaintiff, and avers that on the 1st of September, 1856, the defendant agreed to pay, not only a certain sum as. the price of the land, but to pay to the plaintiffs $5.54 for each share he should afterward obtain of the other heirs, as the agreed and recognized claim and lien of the plaintiffs. We are not, therefore, able to say that the petition does not contain a statement of facts sufficient to constitute a cause of action ; the deficit- of the petition is in the statement, rather than the fads constituting the cause of action.
But the principal assignment relied upon by plaintiff in error is, that the court admitted the parol evidence offered by the plaintiffs below, to vary the written contracts.
The record does not sustain this assignment. It was not upon the written contracts that the plaintiffs commenced their action. They sued upon a joint contract. The written receipts, and recital of the contract for the conveyance of the respective shares of each of the plaintiffs were several, and therefore, if even perfect memorandums of contracts, could not be offered in evidence to prove a joint right of action in favor of the plaintiffs. They only showed two several contracts, one in favor of each of the -plaintiffs; and in which his co-plaintiff had no interest. But no objection was mads by the defendant to those writings being given in evidence, *397 and therefore no error appears upon the record in that regard.
The bill of exceptions does not assume to recite the evidence which was given in the court of common pleas. It is only stated that the plaintiffs gave in evidence tending to prove that at the time they executed their deeds the defendant verbally agreed to pay to the said plaintiffs the additional sum of $5.54, for each of the other heirs, or owners of said premises, whose rights should be purchased by him, as the supposed pro rata amount justly chargeable to each; and that the defendant objected to this item of evidence. What other and further evidence was offered and received without objection, the record does not inform us. In the absence of such information, the general rule applies, that error is never presumed upon a record. The verdict of the jury, and the finding of the -court, upon which final judgment is rendered, are always, in the absence of the contrary appearing upon the record, to be considered as true, and founded on legal evidence exhibited at the trial.
It is also suggested by counsel, in argument, that the record shows that the common pleas had no jurisdiction in the case, inasmuch as a jury was demanded and allowed by the justice of the peace.
It is sufficient to say, in reply to this objection, that inasmuch as the right of appeal is only taken away where “ the case is tried by a jury,” and for a demand less than twenty dollars, an objection could not have been made to the jurisdiction of the common pleas, and can not here prevail.
We perceive no error in the record, and the judgment of the district court will therefore be affirmed; and the case certified to the court of common pleas.

Judgment accordingly„

Scott, C.J and Peck, Gholson and Brinkerhoef, JJ., concurred.